UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 06-32

UNITED STATES OF AMERICA,                                    PLAINTIFF,

v.                          **OPINION & ORDER**

ROBERT HOWE,                                                    DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Acquittal Pursuant to Fed. R. Crim. P. 29(c) or in the Alternative for New Trial under Fed. R. Crim. P. 33 (Rec. No. 125). For the following reasons, the Court DENIES the motion.

     **I.**     **FACTS**.

The Defendant is an inmate at the United State Penitentiary, Big Sandy ("Big Sandy"). He was charged with the following:

Count 1: assaulting fellow inmate Orlando Roberts with the intent to murder by stabbing him with a prison-made weapon in violation of 18 U.S.C. § 113(a)(1);

Count 2: assaulting fellow inmate Roberts with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3);

Count 3: using a dangerous weapon to forcibly assault, resist, oppose, impede, intimidate or and interfere with Big Sandy Senior Corrections Officer Larry Adams while Adams was engaged in the performance of his official duties in violation of 18 U.S.C. § 111(a)(1);

Count 4: threatening to murder Officer Adams in violation of 18 U.S.C. § 115(a)(1)(B); and

Count 5: possessing several prison-made weapons in violation of 18 U.S.C. § 1791(a)(2).

A jury found the following:

Count 1:  not guilty of assaulting inmate Roberts *with the intent to murder*, but guilty of the *lesser included offense* of simple assault;

Count 2:  guilty of assaulting inmate Roberts with a dangerous weapon with intent to do bodily harm;

Count 3:  not guilty of *using a dangerous weapon* to forcibly assault, resist, oppose, impede, intimidate or interfere with Officer Adams but guilty of the *lesser included offense* of forcibly assaulting, resisting, opposing, impeding, intimidating or interfering with Officer Adams;

Count 4:  not guilty of threatening to murder Officer Adams; and

Count 5:  guilty of possessing several prison-made weapons.

**II.   ANALYSIS.**

**A.   Sufficiency of the Evidence.**

With his current motion, Howe renews his Motions for Acquittal made at the close of the United States' evidence and the close of all evidence.

Rule 29(c)(1) of the Federal Rules of Criminal Procedure provides that a defendant may move for judgment of acquittal within 7 days after a guilty verdict and the court may set aside the verdict and enter an acquittal. A court may grant such a motion only where "the evidence is insufficient to sustain a conviction" of one or more of the offenses charged in the indictment. Fed.R.Crim.P. 29(a). In reviewing claims for sufficiency of the evidence to support a conviction, a court must review the record in the light most favorable to the prosecution and grant relief only if it finds that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

In making its Rule 29 determination, a court does not weigh the credibility of the Government's

witnesses, *United States v. Abdullah*, 162 F.3d 897, 903 (6th Cir.1998), because jurors are "well equipped to analyze the evidence" and accept or reject the believability of factual offerings in witness testimony, *Griffin v. United States*, 502 U.S. 46, 59 (1991) (citation omitted).

Rule 33 of the Federal Rules of Criminal Procedure states that the court may grant a new trial "if the interest of justice so requires." Fed.R.Crim.P. 33(a). When considering a Rule 33 motion for a new trial based upon the weight of the evidence, district courts can "consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. It has often been said that [the trial judge] sits as a thirteenth juror." *United States v. Turner*, 490 F.Supp. 583, 593 (E.D.Mich.1979), *aff'd*, 633 F.2d 219 (6th Cir.1980). However, such motions "are not favored" and should only be granted "in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *Id*.

At trial, Carol Sparks, cook supervisor in the food services department at Big Sandy, testified that she saw Defendant Howe stab inmate Roberts in the head and facial area with a 5-inch plastic weapon. She testified that Roberts had his arms up and was trying to block Howe's blows. She further testified that Howe stated, "I'll kill you, mother fucker."

Sparks testified that, when Officer Adams arrived at the scene, he ordered Howe and Roberts to stop and get to the ground. Sparks testified that, when Officer Adams was trying to subdue Howe, Howe tried to stab Adams in the stomach.

Officer Adams also testified that, upon arriving at the scene, he yelled at Howe and Roberts, directing them to get on the ground. He testified that the inmates did not comply with that request. Officer Adams further testified that, even after inmate Roberts was taken away from the area, Howe was struggling and wrestling as Officer Adams attempted to subdue him. He testified that he came up behind Howe and that Howe slipped from his grasp, turned toward Adams and attempted to stab him in the

stomach with a weapon. Officer Adams testified that Lt. Gary Brian Crowe arrived on the scene and got the weapon from Howe. Officer Adams also testified that Lt. Crowe found another weapon in Howe's waistband.

Officer Adams further testified that, even after he and Lt. Crowe led Howe away from the area, Howe threatened Officer Adams and continued resisting and they were forced to take him to the ground again. Officer Adams testified that he and Lt. Crowe later found another weapon in Howe's bed in his cell. Officer Adams testified that Howe stated "that's what happens to a snitch."

Lt. Crowe testified that, when he arrived at the scene, Officer Adams was telling Howe to get down. Lt. Crowe testified that he also told Howe to get down. Lt. Crowe testified that Howe said he "should have killed the snitch." Lt. Crowe testified that, after he and Officer Adams led Howe from the area, they had to take him to the ground again. Lt. Crowe testified that he found weapons in Howe's hands, waistband and in his cell.

This is sufficient evidence from which a rational trier of fact could find proof beyond a reasonable doubt that Howe committed simple assault on inmate Roberts and assaulted Roberts with a dangerous weapon with intent to do bodily harm; that Howe forcibly assaulted, resisted or interfered with Officer Adams; and that Howe possessed several prison-made weapons.

  **B.  Inconsistency of Verdict.**

Howe also argues that the jury's verdict was inconsistent in two respects. As to Count II, assaulting fellow inmate Roberts with a dangerous weapon with intent to do bodily harm, Howe argues that he should be acquitted because the jury's guilty verdict on this count is inconsistent with the jury's guilty verdict on Count 1's lesser included offense of simple assault.

The jury's finding that Howe committed simple assault on Roberts is not inconsistent with its finding that he assaulted Roberts with a dangerous weapon. In fact, the crime of assault with a dangerous

weapon necessarily includes simple assault. *See, e.g., United States v. Estrada-Fernandez*, 150 F.3d 491, 495 (5th Cir. 1998). Nevertheless, because the offense of simple assault under §113(a)(5) is a lesser-included offense of assault with a dangerous weapon, at sentencing, the Court will merge these two counts into one and only impose sentence on the greater offense. In addition, simple assault is a Class B misdemeanor and, accordingly, pursuant to U.S.S.G. § 1B1.9, the sentencing guidelines do not apply to it.

Howe also argues that he should be acquitted of the lesser offense of forcibly assaulting, resisting, opposing, impeding, intimidating or interfering with Officer Adams because the jury's guilty verdict on this charge is inconsistent with the jury's not guilty verdict on the greater offense of *using a dangerous weapon* to forcibly assault, resist, oppose, impede, intimidate or interfere with Officer Adams. Based on the evidence presented at trial, however, a rational juror could find beyond a reasonable doubt that Howe forcibly assaulted, resisted, opposed or impeded Officer Adams without finding beyond a reasonable doubt that he did so with a dangerous weapon. Further, the Supreme Court has held that "a criminal defendant convicted by a jury on one count could not attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count." *United States v. Powell*, 469 U.S. 57, 58, 64-65 (1984) (verdict could be a result of mistake, compromise or leniency).

### C. Evidence Regarding Self Defense, Coercion or Justification.

Finally, Howe moves for an acquittal based on the testimony and evidence he offered by avowal relating to violence at Big Sandy in general; the presence of gangs at Big Sandy; the inability of the Big Sandy staff to protect prisoners; the need for prisoners to carry weapons to protect themselves from other inmates; and the need for a gang member to seek retribution against a "snitch." Howe argues this evidence establishes that he acted in self defense or out of duress or coercion. Howe also argues that a prisoner should be held to a lower standard of proof in establishing an "imminent" or "immediate"

threat.

Prior to trial, the Court ruled by written opinion (Rec. No. 107) that evidence of this sort would not be admitted because it did not help prove the "immediacy" or "imminence" of any threat to the Defendant by Roberts or any other person. Thus, it was inadmissible to help establish the affirmative defenses of self defense, justification and coercion. At trial, after hearing the Defendant's testimony by avowal regarding violence at Big Sandy in general; the presence of gangs at Big Sandy; the inability of the Big Sandy staff to protect prisoners; the need for prisoners to carry weapons to protect themselves from other inmates; and the need for a gang member to seek retribution against a "snitch," the Court again ruled that this evidence was inadmissible because the defenses of self defense, justification and coercion would not be available to Howe.

As to self defense, the Court found the proffered evidence did not help prove that Howe faced an immediate threat of harm from Roberts as opposed to third parties, i.e., his own gang members. The Court further determined that the proffered evidence did not help establish justification or coercion defenses because it did not show that Howe faced an immediate or imminent threat from his own gang members. Further, the Court determined that the evidence showed that Howe had recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose criminal conduct by joining a gang and electing to abide by its rules rather than the prison's rules. Finally, the Court determined that the evidence showed that there is a viable legal alternative to violating the law even in prison. The Court determined that to hold otherwise would be to recognize, under the law, that it is reasonable for a defendant to follow gang rules and unreasonable for him to follow prison rules.

Accordingly, the Court determined that Howe had failed to present sufficient evidence to warrant an instruction on self-defense, justification or coercion and excluded as irrelevant any evidence regarding

6

violence at Big Sandy in general; the presence of gangs at Big Sandy; the inability of the Big Sandy staff to protect prisoners; the need for prisoners to carry weapons to protect themselves from other inmates; and the need for a gang member to seek retribution against a "snitch."

In his current motion, Howe does not put forth any new arguments or evidence on this issue. Howe argues but cites no authority for the proposition that a prisoner does not have to put forth evidence of an imminent or immediate threat to warrant instructions on self defense, justification or coercion. Accordingly, for the reasons stated in the Court's Opinion at Record No. 107 and at trial, the Court finds that it properly excluded the evidence presented by avowal.

### III.    CONCLUSION.

For all these reasons, the Court hereby ORDERS that the Motion for Acquittal Pursuant to Fed. R. Crim. P. 29(c) or in the Alternative for New Trial under Fed. R. Crim. P. 33 (Rec. No. 125) is DENIED.

Dated this 30th day of April, 2007.

Signed By:
*Karen K. Caldwell*   KKC
**United States District Judge**